*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
NEW JERSEY MANUFACTURERS         :
INSURANCE GROUP a/s/o            :     Civil Action No. 08-4995 (FLW)
VICTORIA FISHBEIN-KOLES,         :
                                 :
         Plaintiff,              :
                                 :
v.                               :     OPINION
                                 :
HEARTH & HOME TECHNOLOGIES,      :
                                 :
         Defendant.              :
_____:

**WOLFSON, United States District Judge**:

This matter comes before the Court by way of motion for reconsideration filed by Plaintiff New Jersey Manufacturer's Insurance Group ("Plaintiff" or "NJM"). Plaintiff seeks reconsideration of the Court's October 6, 2010 Order which granted Defendant Hearth and Home Technologies, Inc.'s ("Defendant" or "Hearth") motion for reconsideration. Additionally, in that Order, the Court also granted summary judgment on Plaintiff's product liability claims, thereby closing the case. For the reasons that follow, the Court denies Plaintiff's instant motion for reconsideration.

    I.    BACKGROUND

As the parties are familiar with the factual background of this matter, and this Court will only recount the facts necessary for disposition of the instant motion.

Plaintiff NJM, as insurer / subrogee for Ms. Victoria Fishbein-Koles[1], brought the instant suit sounding in strict products liability against Defendant, the manufacturer of an outside-vented "Heat & Glo" gas fireplace which she had purchased and installed in her bedroom.  On the morning of June 7, 2007, Ms. Fishbein-Koles used the fireplace, which, allegedly due to an unknown malfunction, spewed fire and caused substantial fire and smoke damage to her home.  The Complaint asserts both manufacturing and design defect product liability claims.  See Compl. ¶¶ 22-23.  In support of its claims, Plaintiff retained two experts, Mr. Patrick J. McKinley ("McKinley") and Mr. Glenn Frederick ("Frederick").

Defendant moved for summary judgment on Plaintiff's claims, challenging Frederick's expert testimony as unreliable and arguing that, without the benefit of expert testimony, Plaintiffs' product liability claims fail under New Jersey law.  Defendant further argued that the spewing fire might have been caused by an external trigger, such as the items on the fireplace mantel.  Defendant was not able to prove this theory, it continued, because the mantel items had been destroyed before it had an opportunity to test them.  Nonetheless, Defendant pointed to results from its testing of the firebox's contents that indicated Paraffin wax was found within the charred material therein.

On May 5, 2010, this court held oral argument on Defendant's motion.  That same day, this Court ruled on the record and excluded Frederick's opinion testimony under <u>Daubert</u> and its progeny.  Defendant's motion to exclude McKinley as a fire origin expert was denied.  The Court also denied Defendant's contemporaneously filed motion for summary judgment based upon Plaintiff's failure to produce expert testimony.  This Court found expert testimony on product defect unnecessary by holding that NJM could rely on New Jersey's indeterminate

---

[1]   Throughout the briefing, the parties refer to Ms. Koles-Fishbein and Ms. Fishbein-Koles.  This Court will use the latter, as that version of her name is used in the case caption.

product defect test.  See Order dated May 5, 2010 (Doc. 23).  The Court premised its ruling on NJM's proffer that Ms. Fishbein-Koles and McKinley would testify at trial that the fire originated from the fireplace.  Based on this proffer, along with Ms. Fishbein-Koles' eyewitness testimony, the Court concluded that Plaintiff could proceed under the indeterminate product test.

On May 19, 2010, Hearth filed a motion for reconsideration.  Citing K & G Men's Company, Inc v. Kibalko, No. 06-5768, 2010 WL 1931131 (D.N.J. May 12, 2010)("K & G"), Hearth argued that NJM's reliance on the indeterminate product defect test did not dispense with the need for expert testimony, as specific scientific principles involved rest beyond the scope of the jury's common knowledge.  The Court granted Defendant's motion for reconsideration, finding that expert testimony is necessary to establish causation, and granted its motion for summary judgment.  Plaintiff now asks the Court to reconsider its decision, arguing that the Court committed a clear error of law and of fact.

II.     STANDARD OF REVIEW

While the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999), the Local Civil Rules governing the District of New Jersey do provide for such review. See Light, N.J. Federal Practice Rules, Comment 6 to L. Civ. R. 7.1 (Gann 2008).  Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten (10) business days after entry of an order.  L. Civ. R. 7.1(i).[2]  The motion may not be used to relitigate old matters or argue new matters that could have been raised before

---

[2]     This rule previously was Local Civil Rule 7.1(g).

3

the original decision was reached. See P. Schoenfeld Asset. Mgmt., L.L.C. v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001).

"The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); Tecchio v. United States ex rel. Meola, No. 03-1529, 2004 WL 2827899, at *1 (D.N.J. Oct. 24, 2003) (quoting same). The granting of a motion for reconsideration is an extraordinary remedy and should be sparingly given by the court. Connolly v. Mitsui O.S.K. Lines (America), Inc., No. 04-5127, 2010 WL 715775, at *1 (D.N.J. Mar. 1 2010) (citations omitted). Reconsideration is not appropriate where the motion raises only a party's disagreement with the court's initial decision. Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 162 (D.N.J. 1988).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; (3) it is necessary to correct a clear error of law or prevent manifest injustice. See Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). In sum, it is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through—rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposite Co., 744 F.Supp. 1311, 1314 (D.N.J. 1990) (citations omitted). "The only proper ground for granting a motion for reconsideration, therefore, is that the matters or decisions overlooked, if considered by the court, might reasonably have altered the result reached . . . ." G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990) (quoting New York Guardian Mortgage Corp. v. Cleland, 473 F.Supp. 409, 420 (S.D.N.Y. 1979)) (internal quotation marks omitted).

**III.    DISCUSSION**

Seemingly dissatisfied with this Court's prior ruling, Plaintiff's central argument is that the Court committed a clear error of law in ruling that an expert is necessary to prove that the incident occurred as a result of a product defect. Specifically, Plaintiff avers that the facts and testimony are "clear, concise, and of a nature that allow the average lay person to determine the existence of a defect without resorting to testimony from an engineering expert because it involves common knowledge already in the juror's possession." Memorandum of Law in Support of Plaintiff's Motion for Reconsideration at 4 ("Pl. Motion at __."). Furthermore, Plaintiff also argues that there was also a clear error of fact in the Court holding that Plaintiff cannot provide sufficient evidence to establish that the incident was solely the result of a product defect. To support this claim, Plaintiff explains that testimony is available from both Ms. Fishbein-Koles and McGinley to establish the causal connection between the product defect and the final injury. Defendant, however, argues that NJM's reliance on the indeterminate product test does not eliminate the need for expert testimony when scientific principles, outside the scope of common knowledge, are involved. Specifically, Defendant contends that "even though the factfinder may infer the existence of a product defect under the indeterminate product defect test without the need for expert testimony in some instances, it cannot in all." Defendant Hearth & Home Technologies Inc.'s Brief in Opposition to Plaintiff New Jersey Manufacturers Insurance Group's motion for Reconsideration at 2 ("Def. Opp. at __.").

Both parties acknowledge, as did the Court in its prior Opinion, that the fireplace product involves scientific principles surrounding its machinery that lie outside the scope of a layperson's average technical knowledge. Moreover, this Court accepts Plaintiff's argument that the average juror would understand that a fireplace unit is not meant to radiate flame beyond the

confines of the firebox. In fact, the October 6, 2010 Opinion reasoned, after analyzing at length the cases Plaintiff presently cites to support its position, that there are situations where expert testimony is unnecessary, thus allowing for a plaintiff to rely on the indeterminate product defect test and other opinion testimony. See New Jersey Mfrs. Ins. Group v. Hearth & Home Technologies, No. 08-4995, 2010 WL 3943725, at *7 (D.N.J. Oct. 6, 2010). The situation at hand, however, is not one in which the indeterminate product test would suffice. Indeed, while the average juror may understand that the fireplace unit was not meant to radiate extreme heat or flames outside the firebox, the direct *cause* of the malfunction requires additional information that an average juror simply does not possess. For such findings, expert testimony is necessary; an eyewitness account is insufficient. See K & G Men's Company, Inc v. Kibalko, No. 06-5768, 2010 WL 1931131 (D.N.J. May 12, 2010); Jimenez v. GNOC Corp., 286 N.J.Super. 533 (App. Div. 1996); Laramee v. Warn Indus., Inc., No. 99-50337, 2004 WL 1611790, at *5 (N.D.Ill. July 19, 2004). As such, while the testimony of Ms. Fishbein-Koles and McGinley are available, both accounts merely support the propositions that (1) the fireplace overheated and that (2) the fireplace caused the property damage. Neither Ms. Fishbein-Koles nor McGinley could accurately describe what caused the fireplace to malfunction; only an expert who understands the technical mechanisms could provide such information to the factfinder.

Accordingly, this Court reaffirms the analysis and holding set forth in the October 6, 2010 Opinion. As such, an expert witness remains necessary to establish the product defect which caused the fireplace unit to malfunction.

IV.   CONCLUSION

For the reasons expressed above, the Court will DENY Plaintiff's motion for reconsideration. An appropriate order will follow.


Dated:  March 22, 2011                             /s/        Freda L. Wolfson
                                                   Freda L. Wolfson, U.S.D.J.

7